IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT J. MALONE,**

                **Petitioner,**

        **v.**                              **CASE NO.  11-3141-SAC**

**DOC EMPLOYEES,**
**et al.,**

                **Respondents.**

### O R D E R

The initial pleading submitted in this action is entitled "Motion for Writ of Habeas Corpus 42 U.S.C. § 2254," and was filed pro se by an inmate of the Larned Correctional Mental Health Facility (LCMHF).  Petitioner has since filed a "Petition for Pro Voc Habeas Corpus and The Supplemental for a Larger Settlement for Attempted Premeditated Murder."[1]

Mr. Malone has filed thirty cases in this court and has been repeatedly informed that in order to obtain federal habeas corpus review, a state prisoner must satisfy the filing fee of $5.00[2] and submit a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon court-provided forms.  He has also been advised that the fee for filing a civil rights complaint is $350.00.  In addition, he was previously informed that a habeas corpus petition is used to challenge the legality of a state prisoner's conviction or sentence and seeks an immediate or speedier release, while a civil rights

---

[1] This pleading contains more delusional statements regarding murders. It also complains of prior rulings of this court.  These allegations do not entitle Mr. Malone to any relief in this case.  If he intended for a pleading to be filed in a closed case, he should have written that case number and caption upon the pleading.

[2] As petitioner was also informed, if he does not have funds to pay the filing fee, he must submit a motion to proceed without prepayment of fees, which also must be upon court-approved forms.

complaint must be filed in order to challenge conditions of confinement.  He has also been informed that exhaustion of state remedies is a prerequisite to filing a federal habeas petition.  Mr. Malone has again failed to comply with these prerequisites to proceeding in federal court.   In most cases with similar deficiencies, the court would give the litigant time to submit his petition upon the proper forms and to either pay the appropriate fee or submit a motion to proceed without the fee.  However, the court finds that no legitimate purpose would be served by doing so in this case.[3]

Even if this action were on proper forms, the fee had been satisfied, exhaustion was shown, and sufficient facts were alleged, it would be dismissed because it would clearly be a second and successive habeas petition.  A prior § 2254 petition filed by Mr. Malone was denied for failure to state a claim.  See Malone v. Kansas, 02-3097-DES (July 26, 2002).   Under 28 U.S.C. § 2244(b)(3)(A), a second or successive habeas petition may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition.  Id.  There is no indication that Mr. Malone has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. Without that authorization, this court lacks jurisdiction to

---

[3] Here, Mr. Malone complains of his classification as an Other Security Risk and his placement in segregation without evidence that he committed an offense.  Decisions as to security classifications are matters within the discretion of prison officials, and inmates have no constitutional due process liberty interest in avoiding a certain classification or placement in segregation.

consider a § 2254 petition filed by Mr. Malone.[4]  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

Mr. Malone makes allegations in his filings that are claims regarding the conditions of his confinement.  All his claims that concern his conditions of confinement may only be raised in a civil rights complaint.  Mr. Malone has previously been designated a three-strikes litigant.  See Malone v. Rohling, 04-3267-GTV (Oct. 14, 2004).  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  Thus, even if the court were to liberally construe portions of this action as a civil rights complaint, it could not proceed unless Mr. Malone either paid the $350.00 filing fee in full up front or made a sufficient showing that he is in imminent danger of serious physical injury.  The court holds that in order to pursue any conditions claims herein, Mr. Malone must file a complaint upon court-approved forms and satisfying the filing fee prerequisites for a civil rights action.

Mr. Malone is forewarned that if he files another action in this court that does not comply with the local rules and statutory prerequisites such as the second and successive provisions or the

---

[4] The district court may transfer this action pursuant to 28 U.S.C. § 1631 to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction.  In re Cline, 531 F.3d at 1252.  However, the court finds that the interest of justice would not be served by such a transfer due to the deficiencies discussed herein and the fact that petitioner's § 2254 claims are patently time-barred.

3

three-strikes provisions that have been repeatedly explained to him, filing sanctions shall be imposed upon him by this court.

**IT IS THEREFORE BY THE COURT ORDERED** that Mr. Malone is provisionally granted leave to proceed in forma pauperis in this habeas corpus action for the sole purpose of dismissal.

**IT IS FURTHER ORDERED** that this action filed as a habeas corpus petition pursuant to 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and all pending motions are denied as moot.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge